JOHN RICHARDSON, GUARDIAN OF THE MINOR HEIRS OF ELLEN RICHARDSON, Plaintiff in Error, v. JOHN M. FREDERITZE, EXEC'R OF THE ESTATE OF JOHN RICHARDSON, Defendant in Error.

1. *Administration—Parties—Trustee.*—Where the title is in a trustee, he is the proper party to present the claim to the County Court.
2. *Administration—Minor Children.*—The provision (R. C. 1855, p. 166, § 18) authorizing the County Court to appropriate funds for the support of the minor children, is limited to intestate estates, and the minor children of intestates.

*Error to Jefferson Circuit Court.*

*Pipkin & Thomas,* for plaintiff in error.

*Abner Green,* for defendant in error.

DRYDEN, Judge, delivered the opinion of the court.

The proceedings in this case originated in the following petition to the Jefferson County Court, viz.:

" To the Hon. County Court of Jefferson county, Mo. Your petitioner, John Richardson, curator and guardian of the minor heirs of Ellen Richardson, deceased, would respectfully represent unto your honorable body, that John Richardson, Sr., in the year 1861, made a will and died testate; that by such will the testator bequeathed to the said Ellen all his property, both real and personal, in trust, to take care of the same as trustee for the benefit of his two sons, George and Samuel, and his daughter Ellen, and the children of the latter, except some special legacies given to others, and that said Samuel and Ellen are dead. Your petitioner therefore prays the court to appropriate one hundred dollars, for the support of each one of the minor heirs of said Ellen (they being now entirely destitute), out of personal assets of the estate of said Richardson, deceased, now in the hands of Michael Frederitze, executor thereof; which appropriation is asked for the support of said children (there being six) until another trustee can be appointed in the place of said Ellen, deceased. (Signed,) John Richardson, curator and guardian of John, Shelton, Cynthia, Susan, Merrill and William Richardson, minor heirs of Ellen Richardson, deceased."

The county court complied with the prayer of the petition so far as to appropriate out of the estate of the testator John Richardson, Sr., deceased, the sum of fifty dollars to each of the six children of Ellen, from which order of the county court Frederitze, the executor of the will of John Richardson, deceased, appealed to the Circuit Court. On the trial in the Circuit Court the judgment of the county court was reversed, and the petitioner has brought the case to this court by writ of error.

The question made in this court involves the construction of the will of John Richardson, Sr., but, from the view we have taken of the case, we do not deem it proper to give any opinion upon that question; clearly, the plaintiff in error has no right to recover in the present proceeding. If, as he in his petition alleges the fact to be, the property he is seek-

ing to possess himself of was vested in Ellen Richardson in trust, then the trustee, and not the *cestui que trusts*, nor their guardian, is the only one to whom the executor is bound to respond and with whom he must account. The plaintiff therefore, upon his own showing, had no standing in court.

But aside from the plaintiff's want of title, the county court had no power to make the desired appropriation. The power of the county court to order appropriations for the support of minors, so far as concerns the subjects and objects of such appropriations, is limited to intestate estates and to the minor children of intestates. (R. C. 1855, p. 166, § 13.) Here the subject of the appropriation asked for is property bequeathed, and the objects of the appropriation are grandchildren of a testator, not the children of an intestate. It is not denied that the county court may order the payment of a legacy, but this is not an application for any such purpose, but was a proceeding evidently based on the provisions of the 13th sec. of art. VI. of the administration law, but which have no application to the case.

Let the judgment of the Circuit Court be affirmed. The other judges concur.